United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LUMMUS TECHNOLOGY, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:26-cv-2082 |
| | § | |
| INEOS US CHEMICALS COMPANY, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**ORDER**

Pending before the Court is Defendant INEOS US Chemicals Company's ("Ineos") Motion to Dismiss or, in the Alternative, Compel Arbitration and Stay ("the Motion"). (Doc. No. 21). Plaintiff Lummus Technology, LLC ("Lummus") responded. (Doc. No. 24). Ineos replied. (Doc. No. 30).[1] After considering the motion and the law, the Court hereby **GRANTS** Ineos's Motion. The parties are hereby **ORDERED** to submit this dispute to arbitration, and the instant case is **STAYED** pending the resolution of the arbitration proceeding. All other pending motions are **DENIED** as moot.

## I. Background

Ineos and Lummus were the sole parties to a 2010 License Agreement that was intended to last for fifteen years.[2] (Doc. No. 7 ("Agreement") at 2). Under the Agreement, Ineos was required

---

[1] Also pending before the Court is Ineos's Unopposed Motion for Extension of Time to File Defendant's Reply. (Doc. No. 27). That Motion is **GRANTED** and the Court considered Ineos's Reply in ruling on the present Motion to Dismiss or Compel Arbitration.

[2] The original agreement was between Lummus Technology, Inc. and BP Amoco Chemical Company. Lummus is the successor-in-interest to Lummus Technology, Inc., and Ineos is the successor to BP Amoco Chemical Company by acquisition. (Doc. No. 1-1 (Lummus' state-court petition) at 1).

to license and disclose to Lummus "technical information and know-how relating to the production, separation, and recovery of paraxylene . . . ." (Agreement at 2). In exchange, Lummus agreed both to make an initial payment to Ineos and to make further royalty payments to Ineos from proceeds from sublicensing the information. (Agreement at 21).

The Agreement also contained an arbitration clause, which provided in relevant part:

> All disputes arising in connection with or relating to provisions of this Agreement between the Parties . . . shall be settled and finally determined by arbitration. . . . Arbitration shall be conducted in accordance with the Commercial Rules of the American Arbitration Association [AAA] . . . . Notwithstanding anything contrary in the foregoing, either Party, in its sole discretion, may opt out of the required mediation and/or arbitration of this Clause 22.7 to the extent any dispute arises out of the alleged breach or threatened breach of Clauses 3.1 [concerning Ineos's disclosure of technical information to Lummus] or 10 [concerning the confidentiality and limited use of information], in which case the dispute may be brought immediately before any court of competent jurisdiction.

(Agreement at 50-51). The parties agree that at least some of the Agreement's obligations survive the initial fifteen-year period of the Agreement. (*See* Agreement at 36-38). Which provisions survive, however, is disputed.

Lummus alleges that, following the initial fifteen-year term of the Agreement, Ineos refused to authorize one of its "Approved Catalyst Suppliers" to supply catalysts to Lummus, as required by Clause 6.5 and Clause 14.4(b) of the Agreement. (Doc. No. 1-1 at 9). Lummus also alleges that Ineos breached Clause 3.1 of the Agreement. (Doc. No. 1-1 at 10).

Lummus sued Ineos in the 281st District Court of Harris County, Texas, and Ineos removed to this Court. (Doc. No. 1). This Court has subject matter jurisdiction under 9 U.S.C. § 205. Ineos's Motion to Dismiss/Compel Arbitration urges that Lummus's claims must be arbitrated.

In response to the Motion to Compel Arbitration, Lummus points out that the arbitration clause in the Agreement contains a carve out for an alleged breach of clause 3.1 of the Agreement and that its petition pleads (at least in the alternative) a claim for relief based on that clause. That

being the case, the primary question posed by the parties is whether this case must be arbitrated. There is, however, a question that the Court must answer first: who determines whether the case is arbitrable; this Court, or the arbitrator?

## II. Legal Standard

Generally, "whether a claim is subject to arbitration is a question for a court." *Crawford Pro. Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262 (5th Cir. 2014). "However, if the parties have clearly and unmistakably agreed to arbitrate arbitrability, certain threshold questions—such as whether a particular claim is subject to arbitration—are for the arbitrator, and not a court, to decide." *Id.* (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The Fifth Circuit has held that—because the Rules of the American Arbitration Association ("AAA Rules") provide that the arbitrator shall have the power to rule on the arbitrability of claims—"express incorporation of the same AAA Rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Id.*; *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012).

## III. Analysis

The Fifth Circuit has twice confronted arbitration provisions that expressly incorporated the AAA Rules **and** contained a carve-out provision for certain claims.[3] *See Archer and White Sales, Inc. v. Henry Schein, Inc.*, 935 F.3d 274, 280–83 (5th Cir. 2019); *Crawford*, 748 F.3d at 262–63.

---

[3] The Fifth Circuit dealt with the same situation in a third case, *Aramark Services, Inc. Group Health Plan v. Aetna Life Ins. Co.*, 162 F.4th 532 (5th Cir. 2025), but later vacated that decision and granted rehearing en banc. *See* 173 F.4th 744 (5th Cir. 2026). The Fifth Circuit heard en banc oral argument on September 24, 2026, and did not address the arbitration issue in its questioning. *Aramark Services, Inc. Group Health Plan v. Aetna Life Ins. Co.*, 173 F.4th 744 (Doc. No. 283); *See Oral Argument Recordings, September 24, 2026*, Fifth Circuit, https://www.ca5.uscourts.gov/oral-argument-recordings.

In *Crawford*, the arbitration clause at issue provided that:

> Any and all disputes in connection with or arising out of the Provider Agreement by the parties will be exclusively settled by arbitration before a single arbitrator in accordance with the Rules of the American Arbitration Association. . . . Arbitration shall be the exclusive and final remedy for any dispute between the parties in connection with or arising out of the Provider Agreement; provided, however, that nothing in this provision shall prevent either party from seeking injunctive relief for breach of this Provider Agreement in any state or federal court of law.

*Crawford*, 748 F.3d at 256. In that case, the Fifth Circuit held that this clause amounted to "clear and unmistakable evidence that the parties . . . agreed to arbitrate arbitrability . . . ." *Id.* at 263.

In *Archer*, the arbitration clause at issue provided that:

> any dispute arising under or related to this Agreement (except for actions seeking injunctive relief and disputes related to trademarks, trade secrets, or other intellectual property of the predecessor), shall be resolved by binding arbitration *in accordance with the arbitration rules of the American Arbitration Association.*

*Archer*, 935 F.3d at 280 (emphasis in original). There, the court held that this did **not** amount to clear and unmistakable evidence of the parties' intent to arbitrate arbitrability. *Id.* at 281–82. Instead, the court found that "the placement of the carve-out here is dispositive." *Id.* at 281. That is because "[t]he plain language incorporate[d] the AAA rules—and therefore delegate[d] arbitrability—for all disputes *except* those under the carve-out." *Id.* (emphasis in original).

The arbitration clause in this case most closely mirrors the language of *Crawford*. Here, like in *Crawford*, the arbitration clause contains an express incorporation of the AAA Rules. Additionally, the carve-out in this case—as in *Crawford*—appears at the end of the arbitration clause. In *Archer*, it mattered that the carve-out was nestled within the larger arbitration clause. That is not the case here. As such, *Crawford* controls, and the Court will not rewrite the parties' agreement.

Ineos has requested that this Court dismiss or, in the alternative, compel arbitration and stay. The Supreme Court has directed that, where "a party has requested a stay of the court

proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 476 (2024). Ineos has requested a stay, so the Court does not have discretion to dismiss the case.

Finally, Lummus urges this Court to enter a temporary injunction, to remain in effect pending arbitration. The Fifth Circuit has held that a district court may enter a temporary injunction "*pending its resolution of a motion to compel arbitration* . . . ." *Janvey v. Alguire*, 647 F.3d 585, 593 (5th Cir. 2011) (emphasis in original). The court in *Janvey* made clear that its decision applied in situations where "the district court has yet to make up its mind as to arbitrability." *Id.* at 594. That is not the situation here. As laid out above, in this case Fifth Circuit precedent directs the Court **not** to make up its mind as to arbitrability, but instead to refer that question to arbitration.

Additionally, the AAA rules—that the parties expressly incorporated—provide for emergency injunctive relief. To the extent that Lummus believes it is entitled to injunctive relief pending arbitration, that issue too can and should be determined by arbitration.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Ineos's Motion to Compel Arbitration. The parties are hereby **ORDERED** to submit this case to arbitration, and the Court **ORDERS** this action **STAYED** pending the resolution of that arbitration. This case is administratively closed. If either party needs to reopen this matter, they should file a motion and attach a copy of this order.

It is so ordered.

Signed on this the 29th day of September 2026.

Andrew S. Hanen
United States District Judge